UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, | ) C/A No. 2:10-3180-TLW-RSC |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Attorney Christopher T. Posey, *Esquire*; | ) |
| Mr. Randy Chambers; | ) |
| Mr. Michael R. Watts; | ) |
| Miss Susan W. Hudgins; | ) |
| Miss Diana D. Cagle, *Case Files*; | ) |
| Mr. Eward W. Miller, *Case Files*; | ) |
| Mr. P. R. Galuin, *Case Files*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is a resident of Greenville, South Carolina.
Plaintiff was formerly a pre-trial detainee at the Greenville
County Detention Center. Defendant Christopher Posey, according to
information contained in the 2010-2011 South Carolina Bar Lawyers
Desk Book, is an attorney in Greenville, South Carolina.

Six (6) additional defendants (Mr. Randy Chambers; Mr. Michael
R. Watts; Miss Susan W. Hudgins; Miss Diana D. Cagle, *Case Files*;
Mr. Eward W. Miller, *Case Files*; and Mr. P. R. Galuin, *Case Files*)
do not appear in the caption of the complaint or in the party
information section of the complaint (ECF No. 1, at pages 8-9), but

1

their names appear on the service documents (Forms USM-285 and summonses) submitted by Plaintiff in connection with this case.

It can be judicially noticed that the defendant listed as Diana D. Cagle is the Honorable Diane D. Cagle, a county magistrate in Greenville County. Randy Chambers, according to the Form USM-285 submitted by Plaintiff is an attorney in Greenville. Michael Watts is a Court Reporter. Susan W. Hudgins is also a Court Reporter. Although the occupation of "Eward W. Miller" is not disclosed, the Form USM-285 indicates that he works at the Greenville County Courthouse. Hence, it is clear that Plaintiff is actually referring to the Honorable Edward W. Miller, an "At-Large" South Carolina Circuit Judge, whose chambers are in the Greenville County Courthouse.

The occupation of P. R. Galuin is not listed on the Form USM-285, but the Form USM-285 lists his address for service of process 4 McGee Street, Greenville, South Carolina 29601. It can be judicially noticed that 4 McGee Street is the address of the Greenville County Sheriff's Office (www.gcso.org). Hence, it appears that P. R. Galuin is an employee of the Greenville County Sheriff's Office.

Plaintiff complains about prior and recently-concluded criminal cases involving him. The pleadings as a whole are characterized by what some courts have described as "buzzwords" or "gibberish." *See Coghlan v. Starkey*, 852 F.2d 806, 812-816 (5th

2

Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D. Tex. 1989); *Stafford v. Ellis*, Civil Action No. 89 N 1676, 1992 U.S.Dist. LEXIS 12007 (D. Colo. 1992); *Yocum v. Summers*, No. 91 C 3648, 1991 U.S.Dist. LEXIS 12091, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. New York Stock Exchange*, 1989 U.S. Dist. LEXIS 8141, 1989 WL 82007 (N.D.Ill. July 10, 1989); *Peebles v. National Collegiate Athletic Association*, Civil Action No. 3:88-2463-16(H), 1988 U.S.Dist. LEXIS 17247 (D.S.C., Nov. 1, 1988) (magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, No. 89-2344, 887 F.2d 1080 [Table], 1989 U.S. App. LEXIS 14193, 1989 WL 117826 (4th Cir. Sept. 21, 1989); *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd Cir. 1985). In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in *Bryant v. U Haul*, Civil Action No. 93-6892, 1994 U.S.Dist. LEXIS 2189, *2, 1994 WL 67803 (E.D. Pa. Feb. 25, 1994) ("Aside from these slight variations, each complaint consists merely or an unintelligible recitation of unconnected names and places or similar gibberish."). *See also Lindsay v. Mid-Continent Fed. S&L Ass'n*, No. 95-1086-PFK, 1995 U.S.Dist LEXIS

5764, 1995 WL 254261 (D. Kan. April 26, 1995); and *cf*. In Re *Urcarco Securities Litigation*, 148 F.R.D. 561, 566 (N.D. Tex. 1993), *affirmed*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994). It appears that Plaintiff has been utilizing law treatises or law digests and recopying (by hand) portions unto his pleadings.

## *Discussion*

Under Local Civil Rule 73.02 DSC and established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.

4

*Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the § 1983 Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is not maintainable as a civil rights action against Defendant Posey and Defendant Chambers. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

5

> But immunity as a defense only becomes a
> relevant issue in a case such as this if the
> court has already determined affirmatively
> that the action of the defendant represented
> state action. This is so because state action
> is an essential preliminary condition to
> § 1983 jurisdiction, and a failure to find
> state action disposes of such an action
> adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also*
*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful
adherence to the 'state action' requirement . . . also avoids
imposing on the State, its agencies or officials, responsibility
for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under
color of state law, his, her, or its actions must occur where the
private individual or corporation is a willful participant in joint
action with the State or with an agent of the State. *Dennis v.
Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no
matter how wrongful, injurious, fraudulent, or discriminatory, is
not actionable under 42 U.S.C. § 1983 or under the Fourteenth
Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and
*Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).
*See also Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994)
("Private lawyers do not act 'under color of state law' merely by
making use of the state's court system")

Whether a private individual's action or corporation's action
rises to the level of state action necessarily depends on the

relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). *See also Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202 (3rd Cir. 2000) (applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). Hence, ineffective assistance of counsel or allegedly poor representation of Plaintiff by the two attorneys does not constitute action under color of state law.

A state law cause of action for negligence or legal malpractice would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since the plaintiff and all seven Defendants are citizens of South Carolina, complete diversity of parties is not present in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

The Court of General Sessions for Greenville County and the Magistrate Court for Greenville County are courts in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial

system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988). County magistrates and municipal court judges also are judges in the State of South Carolina's unified judicial system. *See In re Woodham*, 386 S.C. 495, 689 S.E.2d 605 (2010).

Judge Miller and Magistrate Cagle are immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been set-tled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to

liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

The two Court Reporters (Defendant Watts and Defendant Hudgins) are immune from suit because of quasi judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their

official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *and Mayes v. Wheaton*, No. 97 C 8072, 1999 U.S.Dist. LEXIS 17182, 1999 WL 1000510 (N.D. Ill., Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-27 (1988).

Although the Sheriff's Office employee, P. R. Galuin, is a "state" employee, he is not responsible for actions taken by the Court of General Sessions for Greenville County, the Magistrate Court for Greenville County, and the two Court Reporters. *See Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010); and S.C. Const. Art. V, § 1.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). In light of this recommendation, it is also recommended that Plaintiff's Motion to Compel (ECF No. 3) be **denied**. Plaintiff's attention is directed to the Notice on the next page.

December 23, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).